## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**KRISTOFFER MARTIN,**
**individually and on behalf of**
**all others similarly situated,**

**Plaintiff,**

**CASE NO. 20-cv-279**

**v.**

**EATSTREET, INC.**

**Defendant.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought by Plaintiff Kristoffer
Martin, on behalf of himself and all other similarly situated current and former
employees who work or have worked as delivery drivers at EatStreet, Inc.
("EatStreet") since March 26, 2017. Plaintiff Martin was a delivery driver employed
by EatStreet at times since March 26, 2017. During Plaintiff Martin's and the
putative collective and class's employments since that time, Defendant EatStreet
paid Plaintiff Martin and its other delivery drivers at a base, sub-minimum wage
rate for their work as delivery drivers and claimed a tip credit by using tips earned
by Plaintiff Martin and the respective collective and class members to increase their
pay to the mandated minimum wage rates as well as a minimum guaranteed rate
that exceeded the minimum wage rate. In addition, Defendant EatStreet required
Plaintiff Martin and its other delivery drivers to use their own automobiles to

deliver food items to its customers. However, EatStreet did not reimburse Plaintiff Martin and the putative collective and class action members for expenses incurred in the use of their personal vehicles in performing their job duties. As a result, EatStreet failed to pay Plaintiff Martin and the putative collective and class members the mandated minimum wage rates for all hours worked free and clear of their expenses incurred in performing their job duties in violation of the Fair Labor Standards Act ("FLSA") and Wisconsin law. Additionally, EatStreet failed to provide adequate notice of the tip credit it claimed in violation of the FLSA and Wisconsin wage and hour laws. Finally, EatStreet also failed to pay Plaintiff Martin and the putative class members at their agreed-upon rates free and clear of their expenses incurred in violation of Wisconsin wage and hour laws.

2.     Plaintiff Kristoffer Martin brings this action, on behalf of himself and other similarly situated current and former employees, as a collective action pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended, ("FLSA") for purposes of obtaining relief under the FLSA for unpaid minimum wages, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. Plaintiff Kristoffer Martin brings this action, on behalf of himself and other similarly situated current and former employees, pursuant to Fed. R. Civ. P. 23 for purposes for obtaining relief under Wisconsin's wage and hour laws for unpaid minimum wages, agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction under 28 U.S.C. § 1331, because this case presents federal questions brought under the FLSA.

4.      The Court has supplemental jurisdiction over the Wisconsin state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this district, and EatStreet has substantial and systematic contacts in this district, including having its principal place of business in Madison, Wisconsin.

## PARTIES

6.      Defendant EatStreet, Inc. ("EatStreet") is a foreign Corporation with its principal place of business located in Madison, Wisconsin. EatStreet's registered agent for service of process in the State of Wisconsin is Matt Howard located in Madison, Wisconsin.

7.      Plaintiff Kristoffer Martin ("Martin") is an adult who resides in Eau Claire County in the State of Wisconsin. Plaintiff Martin was formerly employed by EatStreet as a delivery driver at times since March 26, 2017. Plaintiff Martin's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is hereby made a part of this Complaint.

8.      Plaintiff Martin brings this action on behalf of himself and all other similarly situated employees in the FLSA Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Class is defined as follows:

> All persons who have worked at EatStreet as delivery drivers at any time since March 26, 2017.

9.      Plaintiff Martin brings this action on behalf of himself and all other similarly situated employees in the Wisconsin Class pursuant to Fed. R. Civ. P. 23. The Wisconsin Class is defined as follows:

> All persons who have worked at EatStreet as delivery drivers at any time since March 26, 2018.

10.     The FLSA Class and the Wisconsin Class will be collectively referred to as the "Classes" hereinafter.

## GENERAL ALLEGATIONS

11.     Since March 26, 2017, EatStreet has operated one of the largest independent online and mobile ordering and delivery services in the United States – serving 250 cities across 39 states.

12.     At all times since March 26, 2017, EatStreet has had roughly 200 full-time employees in Madison, Wisconsin and over 1,000 additional employees throughout the United States.

13.     At all times since March 26, 2017, EatStreet has had gross annual sales in excess of $500,000.00.

14.     At times since March 26, 2017, EatStreet has employed Plaintiff Martin and the FLSA Class members as delivery drivers whose duties included picking up and delivering orders placed on EatStreet's app and/or website.

15.     At times since March 26, 2018, EatStreet has employed Plaintiff Martin and the Wisconsin Class' members as delivery drivers whose duties included picking up and delivering orders placed on EatStreet's app and/or website.

16.     Since March 26, 2017, EatStreet has suffered or permitted Plaintiff Martin and the Classes' members to pick up and deliver items to its customers.

17.     Since March 26, 2017, EatStreet has assigned Plaintiff Martin and the Classes' members orders to pick up and deliver via the EatStreet app.

18.     Since March 26, 2017, EatStreet has classified Plaintiff Martin and the Classes' members as team members and employees, including performing such tasks as scheduling their shifts, setting their pay rates, withholding taxes from their paystubs, setting attendance and punctuality requirements, providing an employee handbook that includes policies and procedures applicable to their employments, and requiring them to track and report their work hours to EatStreet.

19.     Since March 26, 2017, EatStreet has required Plaintiff Martin and the Classes' members to track their hours worked as delivery drivers for EatStreet via an app on their mobile devices – including via the EatStreet app and/or the WhenIWork app.

20.     Since March 26, 2017, EatStreet has compensated Plaintiff Martin and the Classes' members for their hours worked and recorded in the EatStreet and/or WhenIWork apps.

21.     Since March 26, 2017, EatStreet has compensated Plaintiff Martin and the Classes' members on a bi-weekly basis.

22.     Since March 26, 2017, EatStreet has paid Plaintiff Martin and the Classes' members a sub-minimum wage rate of less than $7.25 per hour worked.

23.     Since March 26, 2017, EatStreet has claimed a tip credit to use tips received by Plaintiff Martin and the Classes' members in order to meet its minimum wage obligations under the FLSA and Wisconsin wage and hour laws.

24.     Since March 26, 2017, Plaintiff Martin and the Classes' members have regularly received more than $30 per month in tips while working as delivery drivers for EatStreet.

25.     Since March 26, 2017, EatStreet has also agreed to pay Plaintiff Martin and the Classes' members a guaranteed hourly rate of at least $10 per hour when factoring in all credit card tips, incentive bonuses, and other forms of pay.

26.     Since March 26, 2017, EatStreet has used all credit card tips received by Plaintiff Martin and the Classes members to meet its agreed-upon, guaranteed hourly rates of pay for their work as delivery drivers.

27.     Since March 26, 2017, EatStreet has claimed credit card tips received by Plaintiff Martin and the Classes' members which have exceed its claimed tip credit under the FLSA and/or Wisconsin law in order to meet its minimum wage

and/or agreed-upon wage obligations under the FLSA and/or Wisconsin wage and hour laws.

28.     Since March 26, 2017, EatStreet has failed to inform Plaintiff Martin and the Classes' members of the amount of the cash wage that is to be paid to the Plaintiff Martin and the Classes' members by EatStreet; the additional amount by which the wages of the Plaintiff Martin and the Classes' members are increased on account of the tip credit claimed by EatStreet, which amount may not exceed the value of the tips actually received by the employee; that all tips received by the Plaintiff Martin and the Classes' members must be retained by Plaintiff Martin and the Classes' members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and that the tip credit shall not apply to Plaintiff Martin and the Classes' members if they have not been informed of these requirements.

29.     Since March 26, 2018, EatStreet has failed to obtain a tip declaration signed by Plaintiff Martin and the Classes each pay period.

30.     Since March 26, 2017, EatStreet has required Plaintiff Martin and the Classes' members to use their personal vehicles and mobile devices in the performance of their duties as delivery drivers for EatStreet.

31.     Since March 26, 2017, Plaintiff Martin and the Classes' members have incurred expenses – including fuel, maintenance and repair costs, insurance, depreciation, and mobile device carrier costs, amongst others – in the performance of their duties as delivery drivers for EatStreet.

32.    Since March 26, 2017, EatStreet has purportedly tracked the miles driven by Plaintiff Martin and the Classes' members in the performance of their job duties as delivery drivers for EatStreet.

33.    Since March 26, 2017, EatStreet has not reimbursed Plaintiff Martin and the Classes' members for their vehicle or mobile device expenses incurred in the performance of their duties as delivery drivers for EatStreet in each workweek.

34.    Since March 26, 2017, EatStreet has included all credit card tips received by Plaintiff Martin and the Classes' members in its calculation to determine whether Plaintiff Martin and the Classes' members were adequately paid for their vehicle expenses incurred in working as delivery drivers for EatStreet.

35.    Since March 26, 2017, EatStreet has failed to account for expenses incurred by Plaintiff Martin and the Classes' members for use of their personal mobile devices while working in attempting to determine whether expenses have been adequately reimbursed.

36.    Since March 26, 2017, EatStreet's failure to reimburse Plaintiff Martin and the Classes' members for expenses incurred in the performance of their duties as delivery drivers for EatStreet has caused Plaintiff Martin and the Classes' members' hourly rates to fall below the mandated minimum wage rates for each hour worked as set forth by the FLSA and Wisconsin wage and hour laws.

37.    Since March 26, 2018, EatStreet's failure to reimburse Plaintiff Martin and the Wisconsin Classes' members for expenses incurred in the performance of their duties as delivery drivers for EatStreet has caused Plaintiff Martin and the

Classes' members' hourly rates to fall below their agreed-upon, guaranteed wage rates for each hour worked as required by Wisconsin wage and hour laws.

38.     Since March 26, 2017, EatStreet's use of credit card tips received by Plaintiff Martin and the Classes' members in excess of its claimed tip credit to meet its minimum wage obligations has violated the minimum wage provisions of the FLSA and Wisconsin law.

39.     As a result of the above-allegations, Plaintiff Martin and the Classes' putative members were regularly not compensated the mandated minimum wage rate for all hours worked free and clear of their expenses incurred when working as delivery drivers for EatStreet as required by the FLSA and Wisconsin law.

40.     As a result of the above-allegations, Plaintiff Martin and the Wisconsin Class' putative members were regularly not compensated at their agreed-upon wage rates for all hours worked free and clear of their expenses incurred when working as delivery drivers for EatStreet as required by Wisconsin law.

41.     As a result of the above-allegations, EatStreet failed to pay Plaintiff Martin and the Classes' putative members at the mandated minimum wages rates for all hours worked pursuant to the FLSA and Wisconsin law and for agreed-upon wages as required by Wisconsin law.

42.     EatStreet's conduct, as set forth herein, was willful, dilatory, and unjust, and has caused significant damages in lost wages to Plaintiff Martin and the Classes' members.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43.     Plaintiff Martin and the FLSA Class that he brings this action on behalf of, are and have been similarly-situated, have and have had substantially similar pay provisions, and are and have been subject to EatStreet's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing to pay employees the federal minimum wage. The claims of Plaintiff Martin stated herein are the same as those of the FLSA Class he seeks to represent.

44.     Plaintiff Martin and the FLSA Class seek relief on a collective basis and challenge EatStreet's policies and practices, as stated herein, which have led to FLSA minimum wage violations since March 26, 2017.

45.     As a result of the above-alleged uniform pay practices and policies, EatStreet has failed to pay Plaintiff Martin and the FLSA Class the federal minimum wage for all hours worked in a workweek since March 26, 2017 in violation of the FLSA.

46.     The FLSA Class is readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, mailing addresses, and email addresses are readily available from EatStreet. Notice can be provided to the FLSA Class via first class mail to the last mailing address known to EatStreet as well as via text message and/or email and through postings on EatStreet's app.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

47.     Plaintiff Martin brings his Wisconsin state law claims, pursuant to Wisconsin wage and hour laws, under Fed. R. Civ. P. 23, on behalf of the Wisconsin Class for violations occurring on or after March 26, 2018 (the "Wisconsin Class Period").

48.     The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable and, more importantly, the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of EatStreet, upon information and belief, there are over 100 members of the Wisconsin Class.

49.     Plaintiff Martin's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims of Plaintiff Martin and that Classes' putative class members arise out of the same company-wide practice and/or policy of EatStreet and EatStreet benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Martin and the other members of the Wisconsin Class sustained similar losses, injuries, and damages from the same unlawful policies, practices, and procedures.

50.     Plaintiff Martin is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained Counsel experienced in complex wage and hour litigation.

51.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from EatStreet's actions include, without limitation, the following:

   a)  Whether EatStreet's common policy of failing to reimburse Plaintiff Martin and the Wisconsin Class members for expenses incurred in performing their duties as delivery drivers violated Wisconsin wage and hour laws;

   b)  Whether EatStreet's practice of claiming tips received by Plaintiff Martin and the Wisconsin Class members in excess of EatStreet's claimed tip credit as wages paid to Plaintiff Martin and the Wisconsin Class violates Wisconsin's wage and hour laws; and

   c)  Whether EatStreet's failure to obtain signed tip declarations from Plaintiff Martin and the Wisconsin Class members violates Wisconsin's wage and hour laws.

52.     A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

53.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### <u>Violations of the FLSA's Minimum Wage Provisions</u>

54.     Plaintiff Martin, on behalf of himself and the FLSA Class, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

55.     Since March 26, 2017, Plaintiff Martin and the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq*.

56.     At all times since March 26, 2017, EatStreet has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

57.     At times since March 26, 2017, EatStreet was an employer of Plaintiff Martin and the FLSA Class as provided under the FLSA.

58.     As a result of the above-alleged practices, EatStreet violated the FLSA, 29 U.S.C. §§ 206 *et seq*., by failing to compensate Plaintiff Martin and the FLSA Class at the federally-mandated minimum wage free for all hours worked in a workweek since March 26, 2017 and failing to meet the prerequisites necessary to pay a sub-minimum wage rate.

59.     Plaintiff Martin and the FLSA Class are entitled to damages equal to the mandated minimum wage rate for all hours worked since March 26, 2017, plus periods of equitable tolling because EatStreet acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

60.    EatStreet's failure to properly compensate Plaintiff Martin and the FLSA Class was willfully perpetrated and Plaintiff Martin and the FLSA Class are therefore entitled to recover unpaid wages dating as far back as March 26, 2017.

61.    Plaintiff Martin and the FLSA Class are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage pay described above pursuant to 29 U.S.C. § 216(b).

62.    Alternatively, should the Court find that Plaintiff Martin and the FLSA Class are not entitled to liquidated damages, Plaintiff Martin and the FLSA Class are entitled to an award of pre-judgment interest at the applicable legal rate.

63.    Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff Martin and the FLSA class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid minimum wages.

## SECOND CLAIM FOR RELIEF
### Violations of the Wisconsin law's Minimum Wage Provisions

64.    Plaintiff Martin, individually and on behalf of the Wisconsin Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

65.    Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

66.    Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

67.    Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.001 *et seq.*

68.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

69.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

70.     Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

71.     Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

72.     Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

73.     Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

74.     Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

75.     Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

76.     Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

77.     Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.001 *et seq.*

78.     Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

79.     Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

80.     Since March 26, 2018, EatStreet had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Martin and the Wisconsin Class for all minimum wages owed pursuant to Wisconsin law and failing to meet the prerequisites necessary a sub-minimum wage rate.

81.     Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

82.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of minimum wages.

83.     As set forth above, Plaintiff Martin and the Wisconsin Class have sustained losses in their compensation as a proximate result of EatStreet's violations. Accordingly, Plaintiff Martin, individually and on behalf of the Wisconsin

Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring EatStreet to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

84.     Under Wis. Stat. § 109.11, Plaintiff Martin and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

85.     Plaintiff Martin, individually and on behalf of the Wisconsin Class, is entitled to recover attorneys' fees and the costs of this action to be paid by EatStreet, pursuant to the Wis. Stat. § 109.03(6).

## THIRD CLAIM FOR RELIEF
## Violations of the Wisconsin law's Agreed-Upon Wage Provisions

86.     Plaintiff Martin, individually and on behalf of the Wisconsin Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

87.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 109.01 *et seq.*

88.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 103.001 *et seq.*

89.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Stat. §§ 104.001 *et seq.*

90.     Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

91.    Since March 26, 2018, Plaintiff Martin and the Wisconsin Class were employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

92.    Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

93.    Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

94.    Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Stat. §§ 104.001 *et seq.*

95.    Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

96.    Since March 26, 2018, EatStreet was an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

97.    Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

98.    Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

99.    Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.001 *et seq.*

100.    Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

101.    Since March 26, 2018, EatStreet has employed and/or continues to employ Plaintiff Martin and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

102.    Since March 26, 2018, EatStreet had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Plaintiff Martin and Wisconsin Class at their respective, agreed-upon hourly rates pursuant to Wisconsin law.

103.    Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

104.    The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of agreed-upon wages.

105.    As set forth above, Plaintiff Martin and the Wisconsin Class have sustained losses in their compensation as a proximate result of EatStreet's violations. Accordingly, Plaintiff Martin, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid compensation, injunctive relief requiring Eatstreet to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

106.     Under Wis. Stat. § 109.11, Plaintiff Martin and the Wisconsin Class are entitled to civil penalties equal and up to fifty percent of their unpaid wages.

107.     Plaintiff Martin, individually and on behalf of the Wisconsin Class, is entitled to recover attorneys' fees and the costs of this action to be paid by EatStreet, pursuant to the Wis. Stat. § 109.03(6).

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Martin, on his own behalf and on the behalf of all members of the Classes, requests the following relief:

a) An order designating this action as a collective action on behalf of the FLSA Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An order appointing Hawks Quindel, S.C. as class counsel pursuant to Fed. R. Civ. P. 23;

d) An order designating Plaintiff Martin as the Named Plaintiff and representative of the Wisconsin Class as set forth herein;

e) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§221-2202, declaring EatStreet's actions as described herein to be unlawful and in violation of Wisconsin law;

g) An order finding that EatStreet violated the FLSA and Wisconsin wage and hour laws;

h) An order finding that these violations were willful, dilatory, and unjust;

i) Judgment against EatStreet in the amount equal to Plaintiff Martin's, the FLSA Class's, and the Wisconsin Class's unpaid minimum wages;

j)  Judgment against EatStreet in the amount equal to Plaintiff Martin's and the Wisconsin Class's unpaid agreed-upon wages;

k)  An award in the amount of all liquidated damages and civil penalties as provided under the FLSA and Wisconsin law;

l)  An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

m) Such further relief as the Court deems just and equitable.

Dated this 26th day of March 2020.

Respectfully submitted,


 *s/ Timothy P. Maynard*
Larry A. Johnson
SBN 1056619
Summer H. Murshid
SBN 1075404
Timothy P. Maynard
SBN 1080953

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI  53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
        tmaynard@hq-law.com
        smurshid@hq-law.com

Attorneys for Plaintiff