## Settlement Agreement & Release

The Parties to this Settlement Agreement and Release ("Agreement") are Kristoffer Martin, Scott Quattrucci and Calvin Jones ("Plaintiffs"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Fed. R. Civ. P. 23 class action members (the "Rule 23 Class"), and EatStreet, Inc. ("EatStreet").

## Recitals

WHEREAS, in an amended complaint captioned *Kristoffer Martin et al. v. EatStreet, Inc.* Case No. 20-CV-00279 (the "Complaint") and filed with the United States District Court for the Western District of Wisconsin, Plaintiffs allege that EatStreet did not properly compensate them and EatStreet's other delivery drivers under state and federal employment law (the "Lawsuit").

WHEREAS, EatStreet denies the allegations in the Lawsuit and denies any and all liability to Plaintiffs, the Collective Class, and the Rule 23 Class.

WHEREAS, the Parties have vigorously litigated this case for two years, including fully briefing conditional collective action class certification and engaging in settlement discussions directly and through three full days of mediation with neutral mediators. Through the discovery and mediation process, EatStreet provided substantial data and information relevant to Plaintiffs' allegations to Plaintiffs' Counsel, Hawks Quindel, S.C. (hereinafter "Class Counsel"), and, after a detailed analysis of the data and prolonged and difficult negotiations, the Parties agreed upon a total settlement fund to provide compensation for the alleged unpaid wages to Plaintiffs, the Collective Class, and the Rule 23 Class.

WHEREAS, Class Counsel has represented Plaintiffs and negotiated with EatStreet at arm's length throughout this matter to ensure that Plaintiffs, the Collective Class, and Rule 23 Class are properly compensated for minimum and overtime wages while driving for EatStreet from March 26, 2018, through June 19, 2021.

WHEREAS, this Agreement resolves bona fide disputes as alleged in the Complaint involving compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et al.* ("FLSA"), including wages, payment of wages, kick-backs, tip credits, and hours of work under Wisconsin statutes and administrative regulations.

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein.

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with continued litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as

1

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

specified herein on the following terms:

## I.    General Terms of Settlement

A.    The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of their settlement from the Court, to effectuate its terms and to cause the Lawsuit to be dismissed with prejudice.

B.    The Parties acknowledge and will represent to the Court that this Agreement is fair, adequate, and reasonable.

C.    The Parties agree to stipulate to the "Rule 23 Class," as defined in Section IV.B., below, and to the 29 U.S.C. 216(b) collective class, as defined in Section IV.C, below.

D.    In exchange for the release of the claims and other promises contained herein, EatStreet will, in accordance with the manner, timing, and amounts provided in Section III, make payments in an amount not to exceed One Million, Two Hundred and Forty Thousand Dollars ($1,240,000.00).

E.    Plaintiffs understand and acknowledge that, although EatStreet is entering into this Agreement and making the payments hereunder, EatStreet does not admit any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in the Lawsuit and Section II.A below, and expressly denies the same.

## II.    Release of Claims, Acknowledgments, and Agreement to Cooperate

### A.  Plaintiffs' Release of Claims.

Plaintiffs and their respective predecessors, successors, heirs and assigns, in addition to their other legal representatives, hereby and forever completely release and discharge EatStreet its parents, subsidiaries, affiliates, and related entities and their respective past and present owners officers, directors, stockholders, managers, members, partners, agents, insurers, attorneys, and employees (collectively, "Released Parties") from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between Plaintiffs and EatStreet based on any act or omission that occurred up to the date of their execution of this Agreement. Plaintiffs' release of claims against the Released Parties, includes but is not limited to: (1) claims pursuant to the FLSA, including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103, 109, 111 and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans

2

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) the Wisconsin Fair Employment Act; (11) the Wisconsin Business Closing law; (12) state or federal parental, family and medical leave acts; (13) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (14) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and (15) any other federal, state or local law, statute or ordinance affecting Plaintiffs' employment with or termination from EatStreet.

**B.  Rule 23 Class's Release of Claims.**

Upon final approval of this Agreement, each and every member of the Rule 23 Class will be deemed to have fully released all Wisconsin law claims arising out  the facts, as alleged in the Complaint, that relate to EatStreet's calculation of overtime, calculation of tip credits, tip credit notice practices, vehicle reimbursement policy, minimum wage payments, overtime payments, agreed-upon wages, and unpaid wages against EatStreet and the Released Parties from March 26, 2018, through June 19, 2021, including those under Wis. Stats. Chapters 103 and 109 and Wis. Admin Code §§ DWD 272 and 274 and any state common law unpaid wage claims.

**C.  Collective Class's Release of Claims.**

Upon final approval of this Agreement, each and every member of the Collective Class, who has previously filed his or her consent form and whose claim is properly pending before the Court at the time of this settlement (excluding any claims that are subject to arbitration), as well as anyone who timely files his or her consent form in response to the Notice, will be deemed to have fully released all FLSA claims arising out the facts, as alleged in the Complaint, that relate to EatStreet's calculation of overtime, calculation of tip credits, tip credit notice practices, vehicle reimbursement policy, minimum wage payments, overtime payments, and unpaid wages against the Released Parties from March 26, 2017, through June 19, 2021.

**D.  Acknowledgments and Agreement to Cooperate.**

Plaintiffs acknowledge and agree that the amounts payable pursuant to this Agreement resolve a bona fide dispute regarding the payment of wages, minimum wages, liquidated damages, civil penalties, compensatory and punitive damages, and related legal fees and costs. Plaintiffs further agree that this settlement represents fair and reasonable compensation for any unpaid wages they may have accrued during their employment with

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

EatStreet, inclusive of any claim for liquidated damages, and the Released Parties do not owe them any further compensation or any other amounts for work performed during their employment with EatStreet. Plaintiffs further acknowledge and agree that they have been given sufficient time to read this Agreement and its attached Exhibits A-F prior to their execution of it, understand the terms of these documents, and have consulted with Class Counsel to the extent they desired to do so about the legal effects of this Agreement. Finally, Plaintiffs agree to direct Class Counsel to take any action necessary to ensure that the terms of this Agreement are fully carried out and authorize Class Counsel to work cooperatively with EatStreet and its attorneys to seek judicial approval of this Agreement and prepare the court-required pleadings.

## III. Settlement Payments

### A. Settlement Fund.

As consideration for the releases in Section II above, EatStreet shall pay One Million, Two Hundred and Forty Thousand Dollars ($1,240,000.00) (the "Settlement Fund"). This Settlement Fund is inclusive of all wages and compensation alleged to be due to Plaintiffs, the Rule 23 Class, and the Collective Class in the Lawsuit; attorneys' fees and costs; liquidated damages; civil penalties; and service payments to Plaintiffs. If this Agreement is not approved by the Court, EatStreet will not have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II will not be effectuated, and this matter will move forward in litigation.

### B. Overview of Allocation of the Settlement Fund.

1. **Service Payments.** Fifteen Thousand Dollars ($15,000) of the Settlement Fund shall be allocated as service payments to Plaintiffs and paid out in accordance with the payment schedule in Section III.C., in recognition of their bringing this claim, their insistence that the matter be resolved on a class-wide basis, and the assistance they provided Class Counsel in bringing this matter to resolution, including responding to discovery and extensive involvement in the settlement process. The service payments shall be allocated as follows: $7,000 to Kristoffer Martin; $4,000 to Scott Quattrucci and $4,000 to Calvin Jones. The Administrator, on behalf of EatStreet, will issue IRS Forms 1099 to Plaintiffs for these service payments. Plaintiffs agree that they will indemnify and hold EatStreet harmless from and against any local, state, or federal tax liabilities, claims, demands, suits, losses, damages, costs, and expenses (including attorneys' fees and costs) arising out of the payments of the amounts specified in this Section III.B.1.

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

2.      **Attorneys' fees.**  Four Hundred, Thirteen Thousand, Three-Hundred Thirty-Three and 33/100 Dollars ($413,333.33) of the Settlement Fund shall be allocated as attorneys' fees and paid out in accordance with the payment schedule in Section III.C. Class Counsel will move the Court for an award of attorneys' fees not later than seven (7) days before the scheduled fairness hearing. EatStreet will issue a corresponding IRS Form 1099 to Class Counsel.

3.      **Costs.** Not more than Forty Thousand Dollars ($40,000.00) of the Settlement Fund shall be allocated as costs and paid out in accordance with the payment schedule in Section III.C.  Costs include and will be allocated toward the payment to the Administrator for its services administering this settlement in that amount. Class Counsel will move the Court for an award of costs not later than seven (7) days before the scheduled final fairness hearing. EatStreet will issue a corresponding IRS Form 1099 to Class Counsel.

4.      **Contingency and Ongoing Cost Fund.**  Fifty Thousand Dollars ($50,000) of the Settlement Fund shall be held in a reserve fund to address any issues and/or pay for additional costs that may arise in the administration of this Agreement. Class Counsel will provide to EatStreet's Counsel, within twenty-one (21) calendar days immediately following the closing of the Notice period, a revised Exhibit A, which will include any unused portion from this reserve fund reallocated to the Class and Collective Settlement Funds on a pro-rata basis.

5.      **Class and Collective Settlement Funds**.  The remaining portion of the Settlement Fund shall be allocated among two separate funds, which shall be distributed in the amounts listed on Exhibit A and according to the payment schedule in Section III.C.

   a.   **Wisconsin Settlement Fund.**  Three-Hundred Sixty-Thousand, Eight Hundred Thirty-Three and 34/100 Dollars ($360,833.34) of the Settlement Fund shall be allocated to the Wisconsin Settlement Fund. Each member of the Rule 23 Class shall receive a pro-rata share of the Wisconsin Settlement Fund as set forth in Exhibit A. For tax purposes, two-thirds of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. The Administrator will report the unpaid wages portion to each member of the Rule 23 Class on an IRS Form W2. One-third of each payment shall be attributed to civil penalties for which each member of the Rule 23 Class will receive an IRS Form 1099 from Administrator.

   b.   **The FLSA Settlement Fund.**  Three-Hundred Sixty-Thousand, Eight Hundred Thirty-Three and 34/100 Dollars ($360,833.34) Dollars of the Settlement Fund shall be allocated to the FLSA

5

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

Settlement Fund. Each member of the Collective Class shall receive a pro-rata share of the FLSA Settlement Fund as set forth for such individual in Exhibit A. For tax purposes, one-half of each payment shall constitute unpaid wages and shall be subject to regular payroll withholdings. The Administrator will report the unpaid wages portion to each member of the Collective Class on an IRS Form W2. One-half of each payment shall be attributed to liquidated damages for which each member of the Collective Class will receive an IRS Form 1099 from the Administrator.

### C. Settlement Fund Payment Schedule.

The following summarizes the payment schedule that shall be administered pursuant to this Agreement.

1. <u>Payment 1</u>: Within thirty (30) days of the Court's order finally approving the settlement, EatStreet shall pay a total of $620,000.00 to be allocated as follows:
   a. $50,000 for the Contingency and Ongoing Cost Fund as described in Section III.B.4;
   b. $154,166.67 for the Wisconsin Settlement Fund;
   c. $154,166.67 for the FLSA Settlement Fund;
   d. $40,000 for costs as described in Section III.B.3;
   e. $15,000.00 for service payments as described in Section III.B.1; and
   f. $206,666.66 for attorneys' fees as described in Section III.B.2.

2. <u>Payment 2</u>: Within ninety (90) days after Payment 1, EatStreet shall pay a total of $620,000.00 to be allocated as follows:
   a. $206,666.67 for the Wisconsin Settlement Fund;
   b. $206,666.67 for the FLSA Settlement Fund; and
   c. $206,666.66 for attorneys' fees as described in Section III.B.2.

   But note: If ninety (90) days falls within the same fiscal quarter as Payment 1, EatStreet shall make Payment 2 on the first business day of the quarter immediately following the quarter in which Payment 1 was made.

## IV.    Settlement Approval Process

### A. Interim Stay of Proceeding.

Pursuant to Dkt. 135, the Parties have agreed to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the settlement, in abeyance pending the Final Fairness Hearing to be conducted by the Court.

### B. Stipulation to Certification of the Rule 23 Class.

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

The Parties agree to stipulate to Fed. R. Civ. P. 23 class certification of the following Class:

> All persons who have worked in Wisconsin as delivery drivers for EatStreet between March 26, 2018 and June 19, 2021 whose names appear on Exhibit A to the Settlement Agreement.

The stipulation will state that the Parties are stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit B to this Agreement and is incorporated herein.

## C. Stipulation to Certification of the 29 U.S.C. 216(b) Collective Class

The Parties agree to stipulate to 29 U.S.C. 216(b) class certification of the following Class:

> All persons who appear on Exhibit A and have worked in Wisconsin as delivery drivers for EatStreet who have returned consent forms and whose claims are before the Court, and all persons who worked in Wisconsin as delivery drivers between March 26, 2018 and June 19, 2021, who timely file consent forms in response to the Notice to opt-in to the case.

The stipulation will state that the Parties are stipulating for settlement purposes only and if this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit G to this Agreement and is incorporated herein.

## D. Preliminary Approval of Settlement.

The Parties will file with the Court, by December 18, 2021, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Approving Settlement, and supporting brief, in a form mutually agreed to by the Parties. Class Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the motion for approval. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Parties agree that the relief requested in Exhibit D, the Proposed Order on Preliminary Approval, is what they are seeking and is appropriately before the Court at the preliminary approval stage.

## E. Fairness Hearing and Final Approval.

On a date to be provided by the Court a Final Fairness Hearing will be held at which the Court will determine whether to issue final approval of the settlement, specifically to: (i) decide whether to certify the Rule 23 Class; (ii) decide whether to certify the 29 U.S.C. 216(b) collective class; (iii) decide

7

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

whether to approve the Agreement as fair, reasonable, and adequate; and (iv) decide Class Counsel's motion for attorneys' fees and costs.

## V.    Settlement Administration.

### A.  Claims Administrator.

The Parties agree to the use Rust ("Administrator") to administer the notice, claims, payments, appropriate federal and state tax withholdings, and generate the appropriate documents related to the same, pursuant to this Agreement, as outlined in this Section V. The costs for the Administrator's services shall be paid out of the Settlement Funds and those costs have been accounted for in Section III.B.3.

### B.  Preliminary Approval of Settlement.

If the Court grants preliminary approval of this Agreement, the Parties agree to the following procedure:

### 1.    Settlement Allocations and Contact Information.

Individual settlement allocations (as amended after the Notice period pursuant to III.B.4 and  V.C.1.j) shall be made in the amounts set forth in Exhibit A. Within seven (7) days of the Court's Order on preliminary approval, EatStreet shall provide the Administrator with the most recent email and mailing address for each individual listed on Exhibit A.

### 2.    Issuance of Notice.

Within fourteen (14) days of receiving Exhibit A pursuant to Section V.B.1, the Administrator will mail and email a notice to the Rule 23 Class in a form substantially similar to the document attached hereto as Exhibit C ("Notice"), along with a self-addressed, postage-paid envelope.  The Notice will include the amounts set forth in Exhibit A, as delivered to the Administrator pursuant to Section V.B.1, and will be sent by first-class U.S. Mail and email. The Notice shall inform the Rule 23 Class of their ability to object to the Agreement as described in Section V.B.3, their ability to exclude themselves from the Rule 23 Class as described in Section V.B.4, their right to opt-in to the Collective Class and the approximate amounts they are entitled to receive under the Agreement as stated in Exhibit A.

If the first mailing of the Notice is returned as undeliverable and the email is also undeliverable, the Administrator shall, within fourteen (14) days from receipt of the undeliverable notice, take other appropriate steps to identify and mail the Notice to an alternative address for the Rule 23 Class member. The Parties shall be deemed to have satisfied their obligation to provide the applicable notice to a Rule 23 Class member if (a) the email is sent and no undeliverable message is received; or if the email is undeliverable and an

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

alternative address for the Rule 23 Class member cannot be identified by the Administrator; or (b) after a second mailing of the Notice to an alternative address is returned by the postal service as undeliverable.

**3.    Objection to Settlement.**

Any member of the Rule 23 Class who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement (which shall be thirty (30) days after the distribution of the Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and Counsel for EatStreet.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons the objector intends to call to testify in support of the objection at the Final Fairness Hearing; and (v) a statement whether the objector intends to appear at the Final Fairness Hearing. If the objector intends to appear at the Final Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Final Fairness Hearing. Any member of the Rule 23 Class who does not file a timely written objection to the settlement and notice of his or her intent to appear at the Final Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

**4.    Request for Exclusion.**

Any Rule 23 Class member who wishes to be excluded from the Rule 23 Class must submit a request for exclusion no later than thirty (30) days after the distribution of the Notice. Any Rule 23 Class member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

**C.  Final Approval.**

If the Court grants final approval of this Agreement, the Parties agree to the following:

**1.    Entry of Judgment.**

If this Agreement is finally approved by the Court, the Parties agree to submit a proposed Final Order Approving Settlement in a form substantially similar to Exhibit F directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) as follows:

    a.  Certifying the Rule 23 Class pursuant to Fed. R. Civ. P. 23;

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

b. Approving the Agreement as a fair, reasonable, and adequate resolution of bona fide disputes under the FLSA and Wisconsin law as applicable to the Collective Class and the Rule 23 Class;

c. Appointing Plaintiffs as Class Representative for the Rule 23 Class;

d. Appointing Hawks Quindel, S.C. as Class Counsel;

e. Declaring the Agreement to be binding on EatStreet, Plaintiffs, the Collective Class, and the Rule 23 Class;

f. Dismissing with prejudice the Collective Class's federal law claims against EatStreet;

g. Dismissing with prejudice the Rule 23 Class's Wisconsin state law claims against EatStreet;

h. Approving a fair and reasonable award of attorneys' fees and costs to Class Counsel.

**2.    Unclaimed Settlement Funds – Cy pres.**

Any portion of the Settlement Funds that remain undeliverable, returned, or uncashed within one hundred twenty (120) days after the date Payment 2 checks were originally mailed by the Administrator shall be void. The Administrator shall provide an accounting to Class Counsel and Counsel for EatStreet of all undeliverable and returned checks no later than one hundred fifty (150) days after the date of original mailing of Payment 2 checks. Seven (7) days after providing the accounting of unclaimed Settlement Funds, the Administrator shall mail a check in the amount of the unclaimed Settlement Funds to the National Institute for Workers' Rights, 1800 Sutter St., Suite 210, Concord, CA 94520. A copy of the check sent to the Institute upon mailing of said check shall be provided by the Administrator to Class Counsel and Counsel for EatStreet.

**3.    FLSA Settlement Funds Allocated to Non-Opt Ins.**

Any portion of the FLSA Settlement Fund that has been allocated, pursuant to Exhibit A, to the FLSA portion of claims for individuals who do not timely return a consent form shall be reallocated to the Collective Class Members. To account for this, the Administrator shall provide to Class Counsel, a list of all opt-ins within ten (10) days of the close of the Notice period. Class Counsel shall provide an updated Exhibit A with the FLSA Funds reallocated, as an Exhibit to the Motion for Final Approval and to the Administrator upon Final Approval.

**4.    Tax Payments and Forms.**

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

For payments made by the Administrator to the Rule 23 Class and/or the Collective Class members, the Administrator shall issue the appropriate tax forms, W2 or 1099, for the 2022 tax year and the Administrator shall make the proper flat rate federal and state employer tax payments and withholdings on behalf of EatStreet.

For payments made by EatStreet to Class Counsel for attorneys' fees, EatStreet shall issue a 1099 to Class Counsel for the 2022 tax year.

EatStreet shall be solely responsible for all employer-side taxes which are not included as part of the Settlement Funds.

5. **Payment to Administrator.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay the Administrator a total of $413,333.34 for Payment 1, as stated in Section III.C.1.a – c and Section III.C.1.e.

Payment 2. Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Administrator a total of $413,333.34 for Payment 2, as stated in Section III.C.2.a – c and Section III.C.2.e.

6. **Payment to Class Counsel.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay Class Counsel a total of $246,666.66 for payment of attorneys' fees and costs, as stated in Section III.C.1.d and Section III.C.1.f.

Payment 2: Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Class Counsel a total of $206,666.66 for Payment 2, as stated in Section III.C.2.f.

7. **Check Distribution.**

Within fourteen (14) days of receipt of the payments made pursuant to Section V.C.5, the Administrator shall issue checks to Rule 23 Class members who are not excluded and the Collective Class in the amounts listed on Exhibit A.

If a check is returned as undeliverable, the Administrator shall, within fourteen (14) days from receipt of the undeliverable check, take other appropriate steps to identify and mail the check to an

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

alternate address for the Rule 23 Class and/or the Collective Class member. If, after a second mailing, the check is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide payment to the Rule 23 Class and/or the Collective Class member

## VI.     Breach

If EatStreet breaches this Agreement by failing to timely make the payment provided herein, EatStreet shall have fourteen (14) calendar days, from the date it receives notice of a breach, to cure such breach. Notice of any such breach shall be provided via email to:

Attorney Benjamin Johnson at [btjohnson@michaelbest.com](mailto:btjohnson@michaelbest.com); and
Attorney Paul Benson at [pebenson@michaelbest.com](mailto:pebenson@michaelbest.com)

If the breach is not cured within the time set forth above, the non-breaching party shall be entitled to its reasonable attorneys' fees incurred to enforce the terms of the settlement. The Parties further agree that the court shall retain jurisdiction over this matter for the sole purpose of enforcing the settlement and shall enter a judgment against EatStreet, in a form substantially similar to Exhibit E, in the event the breach is not cured. EatStreet affirmatively states, represents, and warrants that EatStreet does not currently anticipate filing for bankruptcy or any similar insolvency proceeding, and has not retained counsel to file for or obtain advice regarding potentially filing for bankruptcy or any similar insolvency proceeding.  EatStreet understands that this representation and warranty is material to the Plaintiffs and the Class's agreement to enter in to this settlement

## VI.     No Admission

Nothing in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of EatStreet, and EatStreet denies any such liability.  The parties have entered into this Agreement with the intention of avoiding further disputes and litigation with the attendant inconvenience and expenses.

## VII.     Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive, arm's length negotiations between the parties and that this Agreement shall not be construed in favor of or against any party.

## VIII.     Jurisdiction

The Parties consent to the United States District Court for the Western District of Wisconsin retaining jurisdiction over this matter for the sole purpose of enforcing the terms of this Agreement.

## XI.     Governing Law

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XII.    Entire Agreement

This document and its Exhibits A-F constitute the entire Agreement between the Parties with regard to the matters set forth herein, and supersede any prior written or oral agreements. In entering into this Agreement, Plaintiffs expressly acknowledges that they are not relying on advice from anyone from EatStreet, including EatStreet's principals, owners, or attorneys, or any other individual or entity other than Class Counsel.

## XIII.    Severability

If any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## XIV.    Counterparts

The Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. The Agreement may be executed by electronic means, including DocuSign or a similar service and/or an image (.pdf) of a signature.

*[signatures appear on next page]*

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

12 / 17 / 2021
_____

Dated

_____

Kristofer Martin, on behalf of himself, the
Rule 23 Class, and the Collective Class

12 / 16 / 2021
_____

Dated

_____

Scott Quatrucci, on behalf of himself, the
Rule 23 Class, and the Collective Class

_____

Dated

_____

Calvin Jones, on behalf of himself, the Rule
23 Class, and the Collective Class

_____

Dated

_____

EatStreet, Inc.

By:_____

14

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____                    _____
Dated                                      Kristofer Martin, on behalf of himself, the
                                           Rule 23 Class, and the Collective Class


_____                    _____
Dated                                      Scott Quatrucci, on behalf of himself, the
                                           Rule 23 Class, and the Collective Class


12 / 17 / 2021                             _____
_____
Dated                                      Calvin Jones, on behalf of himself, the Rule
                                           23 Class, and the Collective Class


_____                    _____
Dated                                      EatStreet, Inc.

                                           By:_____

14

Doc ID: a2b0285af82994685d3d28fde8ffb50609e58f6b

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____          _____

Dated                            Kristofer Martin, on behalf of himself, the
                                 Rule 23 Class, and the Collective Class


_____          _____

Dated                            Scott Quatrucci, on behalf of himself, the
                                 Rule 23 Class, and the Collective Class


_____          _____

Dated                            Calvin Jones, on behalf of himself, the Rule
                                 23 Class, and the Collective Class


12/17/2021                       *Matt Howard*
_____          _____
                                 DocuSigned by:
                                 B3E2B681A4124D2

Dated                            EatStreet, Inc.
                                       Matt Howard
                                 By:_____


14