IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOFFER MARTIN, SCOTT QUATRUCCI,
and CALVIN JONES, individually
and on behalf of others similarly situated,

                    Plaintiffs,                                    OPINION and ORDER

        v.                                                          20-cv-279-jdp

EATSTREET, INC.,

                    Defendant.

---

        Plaintiffs Kristoffer Martin, Scott Quatrucci, and Calvin Jones bring this proposed class

and collective action against defendant EatStreet, Inc., an online food ordering and delivery

service company. Plaintiffs allege that EatStreet: (1) improperly used a tip credit and failed to

reimburse for vehicle expenses in violation of the Fair Labor Standards Act (FLSA) and

Wisconsin minimum wage laws; (2) improperly used a tip credit and failed to reimburse for

vehicle expenses in violation of Wisconsin's agreed-upon wage law; (3) improperly treated

non-discretionary bonuses and tips when calculating overtime rates in violation of the FLSA

and Wisconsin overtime laws. Dkt. 84.

        The parties have reached a settlement. They now move for certification of a class under

Federal Rule of Civil Procedure 23, Dkt. 140, certification of a collective under 29 U.S.C.

§ 216(b), Dkt. 139, and preliminary approval of the proposed settlement agreement, Dkt. 137.

The court does not have fundamental objections to the settlement. But, for the reasons

explained below, the court will deny the parties' motion without prejudice and give them an

opportunity to correct several problems and provide additional information.

The first set of problems relates to the proposed class and collective definitions. The proposed state-law class definition is:

> All persons who have worked in Wisconsin as delivery drivers for EatStreet between March 26, 2018 and June 19, 2021 whose names appear on Exhibit A to the settlement agreement.

Dkt. 140. The proposed FLSA collective definition is:

> All persons who appear on Exhibit A and have worked in Wisconsin as delivery drivers for EatStreet who have returned consent forms and whose claims are before the court, and all persons who worked in Wisconsin as delivery drivers between March 26, 2018 and June 19, 2021, who timely file consent forms in response to the Notice to opt-in to the case.

Dkt. 139.

Both definitions refer to "Exhibit A," which is a list of proposed individual class and collective members, their awards, and their pro-rata shares of the settlement funds. Dkt. 138-1. But the parties don't explain how the individuals in the exhibit were identified. Nor do the parties explain the overlap between the exhibit and the criteria for class or collective members. Specifically, it is not clear whether the exhibit is an exhaustive list of all the potential class and collective members, or whether there are potential class and collective members who are not on the list. The FLSA definition includes members who have already opted in to the collective "whose claims are before the court," but the parties don't explain how the status of the claims was determined. Finally, the parties don't explain why the definitions for the class and the collective are worded differently or whether there is a substantive difference between the class and collective definitions.

In a renewed preliminary approval motion, the parties should explain who is listed on the exhibit, how those individuals were identified, and whether the class may include other individuals who are not on the list. The parties should also propose new definitions that more

precisely define the class and collective. It is not necessary to refer to consent forms in the FLSA collective definition. If there are any differences between the class and collective definitions, the parties should explain these differences. The court also notes that the proposed state-law class definition in the settlement agreement does not match the definition in the proposed notice. Dkt. 138-3, at 2. In their renewed motion, the parties should be sure that the class and collective definitions are correct and consistent across the materials submitted to the court.

The second set of problems relates to the fairness of the proposed settlement. Under the terms of the proposed settlement agreement, EatStreet agrees to pay a total of $1,240,000, which includes: (1) $413,333.33 in attorneys' fees; (2) no more than $40,000 for costs; (3) a $50,000 reserve fund for ongoing costs of settlement administration; (4) $360,833.34 for the state-law class ("Wisconsin Settlement Fund) from which each class member will receive a pro-rata share of the total; (5) $360,833.34 for the FLSA collective ("FLSA Settlement Fund") from which each collective member will receive a pro-rate share of the total; and (6) a $7,000 incentive award for Martin, a $4,000 incentive award for Quattruci, and a $4,000 incentive award for Jones.

But the parties do not adequately explain how they arrived at some of these settlement figures. First, the parties say that they negotiated models to estimate damages for the three categories of claims: minimum wage violations, overtime violations, and agreed-upon wage violations. They describe these models in considerable detail, but they do not provide the amounts for each category of damages or a financial breakdown of the components of total damages. Dkt. 143, at 13−16; Dkt. 141, at 6−9. And it is not clear whether the calculated damages equal the total $1,240,000 settlement figure, the $721,666.67 state-law and FLSA

3

fund amount, or some other figure. The parties also do not discuss damages or the settlement figures in terms of the total maximum recovery possible and the discount that members are getting in exchange for the settlement.

Second, the settlement agreement creates a state-law settlement fund and an FLSA settlement fund, each allocated $360,833.34. But parties do not explain their decision to create separate state-law and FLSA funds and to allocate equal amounts to each fund. After all, the state and federal claims are not identical. Plaintiffs' agreed-upon wage claims arise only under state-law.

Third, it is also not clear why many proposed members are assigned different pro-rata shares for the state-law class and the FLSA collective, or why approximately 40 members are entitled to zero damages. Dkt. 138-1.

Fourth, the parties don't explain why the payments to class and collective members will be made in two installments rather than all at once. Without any of this information, the court can't determine whether it "will likely be able to" approve the proposed settlement in accordance with Rule 23(e)(1)(B).

For these reasons, the court will deny the motion for preliminary approval and the motions for class and collective certification, but the parties may file renewed motions that address the court's concerns.

The parties recently requested an update on the status of their preliminary approval motion. Dkt. 145. The motion is granted and this order serves as the update.

ORDER

IT IS ORDERED that:

4

1. The parties' motion for preliminary approval of the settlement, Dkt. 137, motion for class certification, Dkt. 140, and motion for collective certification, Dkt. 139, are DENIED without prejudice. The parties may have until August 16, 2022, to submit renewed motions.

2. The parties request for a status update on their preliminary approval motion, Dkt. 145, is GRANTED.

Entered August 5, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge