## Second Addendum to the Parties' Settlement Agreement and Release

The Parties to this Addendum to the Settlement Agreement and Release ("Addendum") are Kristoffer Martin, Scott Quattrucci and Calvin Jones ("Plaintiffs"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Fed. R. Civ. P. 23 class action members (the "Rule 23 Class"), and EatStreet, Inc. ("EatStreet").

## Recitals

WHEREAS, the Parties executed the Settlement Agreement and Release ("Agreement") in December 2021.

WHEREAS, the Parties filed three motions with the Court to facilitate and obtain approval of the Agreement – (1) Joint Motion for Preliminary Approval of Rule 23 Class and Collective Action Settlement (ECF 137); (2) Joint Stipulation to Rule 23 Class Certification (ECF 139); and (3) Stipulated Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) (ECF No. 140), along with supporting documents (ECF Nos. 138, 141-144) (collectively the "Settlement Approval Motions").

WHEREAS, on August 5, 2022, the Court denied the Settlement Approval Motions without prejudice in an Opinion and Order seeking clarification and additional information from the Parties as to several issues associated with the Parties' Agreement. (ECF No. 147.)

WHEREAS, on August 22, 2022, the Parties filed a Settlement Addendum in light of the Court's August 5, 2022 Opinion and Order and in an effort to facilitate and effectuate the Agreement (ECF No. 150-1.).

WHEREAS, the Parties agree on the terms of this Addendum in light of the Court's December 1, 2022 Opinion and Order granting Preliminary Approval and in an effort to facilitate and effectuate the Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree to further amend the Agreement as provided herein:

I.   **Recitals** – The Parties acknowledge that the foregoing recitals are true and correct and explicitly incorporate them into this Addendum.

II.   **Addition of Section II.E to the Agreement**: The Parties hereby agree that the following Section shall be added:

**E.      Accounting for Tolling for FLSA Collective Class Members.**

The Parties agree that the absent FLSA Collective Class Members' statutes of limitations are tolled as if they had joined on the date that Class Counsel used as a baseline assumption for calculating damages for the purposes of mediation. The Parties therefore agree that absent FLSA Collective Class Members' claims would be considered tolled effective May 16, 2021 so that their statute of limitations under the FLSA reaches back to May16, 2018.

**III.     Addition of Section II.F to the Agreement**: The Parties hereby agree that the following Section shall be added:

**F.      Rounding.**

The Parties agree that any amount of the settlement funds that cannot be allocated to the FLSA Collective Class Members and the Rule 23 Class Members in whole cents due to rounding issues shall be distributed to the Parties agreed-upon *cy pres* recipient.

**IV.     Addition of Section V.B.5 to the Agreement**: The Parties hereby agree that the following Section shall be added:

**5**.      **Rule 23 Funds Allocated to Excluders.**

Any portion of the Rule 23 Settlement fund that has been allocated to the Rule 23 claims for individuals who timely exclude themselves from the settlement shall be reallocated to the Rule 23 Class Members. If any exclusions are timely submitted, Class Counsel shall provide an updated Exhibit A with the Rule 23 Funds reallocated, as an Exhibit to the Motion for Final Approval and to the Administrator upon Final Approval.

**V.      Replacement of Section V.C.5 of the Agreement**: The Parties hereby agree that Section IV.B. of the Agreement which currently reads as follows:

**5.      Payment to Administrator.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay the Administrator a total of $413,333.34 for Payment 1, as stated in Section III.C.1.a – c and Section III.C.1.e.

Payment 2. Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Administrator a total of $413,333.34 for Payment 2, as stated in Section III.C.2.a – c and Section III.C.2.e.

shall be deemed excised from the Agreement and replaced with the following:

**5.     Payment to Administrator.**

Payment 1: Not later than thirty (30) days after final approval, EatStreet shall pay the Administrator a total of $413,333.34 for Payment 1, as stated in Section III.C.1.a – c and Section III.C.1.e.

Payment 2. Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Administrator a total of $413,333.34 for Payment 2, as stated in Section III.C.2.a – c and Section III.C.2.e.

**VI.     Replacement of Section V.C.6  of the Agreement**: The Parties hereby agree that Section IV.C. of the Agreement which currently reads as follows:

**6.     Payment to Class Counsel.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay Class Counsel a total of $246,666.66 for payment of attorneys' fees and costs, as stated in Section III.C.1.d and Section III.C.1.f.

Payment 2: Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Class Counsel a total of $206,666.66 for Payment 2, as stated in Section III.C.2.f.

shall be deemed excised from the Agreement and replaced with the following:

**6.     Payment to Class Counsel.**

Payment 1: Not later than thirty (30) days after final approval, EatStreet shall pay Class Counsel a total of $246,666.66 for payment of attorneys' fees and costs, as stated in Section III.C.1.d and Section III.C.1.f.

Payment 2: Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Class Counsel a total of $206,666.66 for Payment 2, as stated in Section III.C.2.f.

**VII.** <u>**Acknowledgement**</u> – The Parties explicitly acknowledge, understand, and agree that this Addendum does not otherwise change the terms and conditions of the Agreement or the First Settlement Addendum, except as stated herein. The Parties further agree that this Addendum is a joint product negotiated at arms-length between counsel for the Parties and shall not be construed against either party on the grounds of sole authorship.

*[signatures appear on next page]*

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

02 / 15 / 2023
_____

Dated

_____

Kristofer Martin, on behalf of himself,
the Rule 23 Class, and the Collective
Class


02 / 16 / 2023
_____

Dated

_____

Scott Quatrucci, on behalf of himself,
the Rule 23 Class, and the Collective
Class


02 / 15 / 2023
_____

Dated

_____

Calvin Jones, on behalf of himself, the
Rule 23 Class, and the Collective Class


_____

Dated

_____

EatStreet, Inc.

By:_____



Audit trail

| | |
|---|---|
| **Title** | [Urgent for Signature] EatStreet Second Settlement Addendum |
| **File name** | 2023.02.14%20Seco...endum%20Final.pdf |
| **Document ID** | 853727d285313c418f0743781699104d274d1bc9 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| **SENT** | **02 / 14 / 2023** 20:21:21 UTC | Sent for signature to Kristoffer Martin (ld.martin.writer@gmail.com), Scott Quattrucci (squattrucci30@gmail.com) and Calvin Jones (youngbossva@gmail.com) from smurshid@hq-law.com IP: 98.103.252.98 |
| **VIEWED** | **02 / 15 / 2023** 13:04:40 UTC | Viewed by Calvin Jones (youngbossva@gmail.com) IP: 71.63.6.7 |
| **SIGNED** | **02 / 15 / 2023** 13:05:00 UTC | Signed by Calvin Jones (youngbossva@gmail.com) IP: 71.63.6.7 |
| **VIEWED** | **02 / 15 / 2023** 21:42:23 UTC | Viewed by Kristoffer Martin (ld.martin.writer@gmail.com) IP: 68.112.122.19 |
| **SIGNED** | **02 / 15 / 2023** 21:42:39 UTC | Signed by Kristoffer Martin (ld.martin.writer@gmail.com) IP: 68.112.122.19 |
| | **02 / 16 / 2023** 14:37:21 UTC | Viewed by Scott Quattrucci (squattrucci30@gmail.com) IP: 174.192.73.206 |

**Dropbox** Sign                                                    Audit trail

| | |
|---|---|
| **Title** | [Urgent for Signature] EatStreet Second Settlement Addendum |
| **File name** | 2023.02.14%20Seco...endum%20Final.pdf |
| **Document ID** | 853727d285313c418f0743781699104d274d1bc9 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| VIEWED | | |
| SIGNED | **02 / 16 / 2023**<br>14:38:06 UTC | Signed by Scott Quattrucci (squattrucci30@gmail.com)<br>IP: 174.192.73.206 |
| COMPLETED | **02 / 16 / 2023**<br>14:38:06 UTC | The document has been completed. |

## Second Addendum to the Parties' Settlement Agreement and Release

The Parties to this Addendum to the Settlement Agreement and Release ("Addendum") are Kristoffer Martin, Scott Quattrucci and Calvin Jones ("Plaintiffs"), both individually and on behalf of the individuals who have joined this matter pursuant to 29 U.S.C. § 216(b) (the "Collective Class") and the putative Fed. R. Civ. P. 23 class action members (the "Rule 23 Class"), and EatStreet, Inc. ("EatStreet").

## Recitals

WHEREAS, the Parties executed the Settlement Agreement and Release ("Agreement") in December 2021.

WHEREAS, the Parties filed three motions with the Court to facilitate and obtain approval of the Agreement – (1) Joint Motion for Preliminary Approval of Rule 23 Class and Collective Action Settlement (ECF 137); (2) Joint Stipulation to Rule 23 Class Certification (ECF 139); and (3) Stipulated Motion to Conditionally Certify a Collective Action Pursuant to 29 U.S.C. § 216(b) (ECF No. 140), along with supporting documents (ECF Nos. 138, 141-144) (collectively the "Settlement Approval Motions").

WHEREAS, on August 5, 2022, the Court denied the Settlement Approval Motions without prejudice in an Opinion and Order seeking clarification and additional information from the Parties as to several issues associated with the Parties' Agreement. (ECF No. 147.)

WHEREAS, on August 22, 2022, the Parties filed a Settlement Addendum in light of the Court's August 5, 2022 Opinion and Order and in an effort to facilitate and effectuate the Agreement (ECF No. 150-1.).

WHEREAS, the Parties agree on the terms of this Addendum in light of the Court's December 1, 2022 Opinion and Order granting Preliminary Approval and in an effort to facilitate and effectuate the Agreement.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree to further amend the Agreement as provided herein:

I.      **Recitals** – The Parties acknowledge that the foregoing recitals are true and correct and explicitly incorporate them into this Addendum.

II.     **Addition of Section II.E to the Agreement**: The Parties hereby agree that the following Section shall be added:

E.      **Accounting for Tolling for FLSA Collective Class Members.**

The Parties agree that the absent FLSA Collective Class Members' statutes of limitations are tolled as if they had joined on the date that Class Counsel used as a baseline assumption for calculating damages for the purposes of mediation. The Parties therefore agree that absent FLSA Collective Class Members' claims would be considered tolled effective May 16, 2021 so that their statute of limitations under the FLSA reaches back to May16, 2018.

III.    **Addition of Section II.F to the Agreement**: The Parties hereby agree that the following Section shall be added:

E.      **Rounding.**

The Parties agree that any amount of the settlement funds that cannot be allocated to the FLSA Collective Class Members and the Rule 23 Class Members in whole cents due to rounding issues shall be distributed to the Parties agreed-upon *cy pres* recipient.

IV.     **Addition of Section V.B.5 to the Agreement**: The Parties hereby agree that the following Section shall be added:

5.      **Rule 23 Funds Allocated to Excluders.**

Any portion of the Rule 23 Settlement fund that has been allocated to the Rule 23 claims for individuals who timely exclude themselves from the settlement shall be reallocated to the Rule 23 Class Members. If any exclusions are timely submitted, Class Counsel shall provide an updated Exhibit A with the Rule 23 Funds reallocated, as an Exhibit to the Motion for Final Approval and to the Administrator upon Final Approval.

V.      **Replacement of Section V.C.5 of the Agreement**: The Parties hereby agree that Section IV.B. of the Agreement which currently reads as follows:

5.      **Payment to Administrator.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay the Administrator a total of $413,333.34 for Payment 1, as stated in Section III.C.1.a – c and Section III.C.1.e.

Payment 2. Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Administrator a total of $413,333.34 for Payment 2, as stated in Section III.C.2.a – c and Section III.C.2.e.

shall be deemed excised from the Agreement and replaced with the following:

**5.     Payment to Administrator.**

Payment 1: Not later than thirty (30) days after final approval, EatStreet shall pay the Administrator a total of $400,367.41 (inclusive of payment to FLSA Collective Class and Rule 23 Class, Settlement Administrator Costs and Service Payments to Named Plaintiffs)  for Payment 1, as stated in Section III.C.1.a – c and Section III.C.1.e.

Payment 2. Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Administrator a total of $413,333.34 for Payment 2, as stated in Section III.C.2.a – c and Section III.C.2.e.

**VI.     Replacement of Section V.C.6  of the Agreement**: The Parties hereby agree that Section IV.C. of the Agreement which currently reads as follows:

**6.     Payment to Class Counsel.**

Payment 1: Not later than thirty (30) days after preliminary approval, EatStreet shall pay Class Counsel a total of $246,666.66 for payment of attorneys' fees and costs, as stated in Section III.C.1.d and Section III.C.1.f.

Payment 2: Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Class Counsel a total of $206,666.66 for Payment 2, as stated in Section III.C.2.f.

shall be deemed excised from the Agreement and replaced with the following:

**6.     Payment to Class Counsel.**

Payment 1: Not later than thirty (30) days after final approval, EatStreet shall pay Class Counsel a total of $219,632.50 for payment

of attorneys' fees and costs, as stated in Section III.C.1.d and Section III.C.1.f.

Payment 2: Not later than ninety (90) days (or on the first business day of the quarter immediately following the quarter in which Payment 1 was made if the ninety (90) days falls within the same quarter as Payment 1), EatStreet shall pay Class Counsel a total of $206,666.66 for Payment 2, as stated in Section III.C.2.f.

**VII.** **<u>Acknowledgement</u>** – The Parties explicitly acknowledge, understand, and agree that this Addendum does not otherwise change the terms and conditions of the Agreement or the First Settlement Addendum, except as stated herein. The Parties further agree that this Addendum is a joint product negotiated at arms-length between counsel for the Parties and shall not be construed against either party on the grounds of sole authorship.

*[signatures appear on next page]*

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

_____
Dated

_____
Kristofer Martin, on behalf of himself,
the Rule 23 Class, and the Collective
Class

_____
Dated

_____
Scott Quatrucci, on behalf of himself,
the Rule 23 Class, and the Collective
Class

_____
Dated

_____
Calvin Jones, on behalf of himself, the
Rule 23 Class, and the Collective Class

2/15/2023
_____
Dated

Steve Anastasi
_____
32D4482464AB420...
EatStreet, Inc.

Steve Anastasi
By:_____
Chief Executive Officer